Susie Powell and Jacob A. Powell, Appellees, v. The Myers Sherman Company, Appellant.

Gen. No. 9,601.

14 .

Opinion filed February 7, 1941.
Rehearing denied March 26, 1941.

CLARENCE W. HEYL, of Peoria, and ARTHUR H. SHAY, of Streator, for appellant.

FINN & MILLER, of Chicago, and TAYLOR E. WILHELM, of Ottawa, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Susie Powell and Jacob A. Powell, husband and wife, brought suit in the circuit court of LaSalle county, against the Myers Sherman Company, a corporation, claiming damages for personal injuries as a result of a collision occuring between the cars of Susie Powell and the defendant, on Route No. 17, a concrete paved road about one and one-half miles west of the city of Streator, Illinois. Said collision occurred on the evening of July 26, 1938.

The amended complaint filed by the plaintiffs alleged that Susie Powell was the owner of a Ford motor vehicle or automobile truck and while she and her husband were traveling in her automobile on a paved road about a mile and one-half west of the city of Streator, Illinois, and while each were in the exercise of ordinary care for their own safety, the defendant company's truck, which was being driven by their agent or servant, collided with the automobile of the plaintiffs, and both of the plaintiffs were injured. It is further alleged that just prior to, and at the time

of the collision, Jacob A. Powell was driving the automobile of Susie Powell and that Susie Powell was a passenger in the automobile with her husband, Jacob. The complaint charges that the defendant was guilty of several careless, negligent and reckless acts. First, that the defendant then and there so carelessly and negligently propelled, operated and maintained said automobile truck, that by and through the carelessness and negligence of said defendant, as aforesaid, said truck then and there ran into and collided with the automobile in which plaintiffs were riding, as aforesaid. (b) That there was then and there in force a certain statute of the State of Illinois entitled ch. 95½, secs. 54 and 55 Smith-Hurd's Revised Statutes, which provides that upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, and the drivers of vehicles proceeding in opposite directions shall pass each other to the right; that the highway aforesaid was of sufficient width for the vehicles in question to pass; that said defendant, by its servant and agent aforesaid, then and there failed and neglected to propel and operate said vehicle on the right half of the roadway, but propelled and operated said truck over the center line of said roadway and upon the left-hand side thereof; that said failure was in violation of said statute and negligence. (c) That said defendant, by its servant and agent aforesaid, then and there propelled and operated said truck with a wilful and wanton disregard for the safety of other persons or property and was guilty of reckless driving as defined in sec. 145, ch. 95½, Smith-Hurd's Revised Statutes; that as a proximate result of the careless, negligent, and wilful and wanton conduct of said defendant, as aforesaid, said truck then and there ran into and collided with the automobile in which plaintiffs were riding, as aforesaid, and thereby each of the plaintiffs were injured, and sustained damages.

To the amended complaint, the defendant filed its answer and admitted the ownership of the truck in question, and the agency of the driver of said truck. The answer denied any and all acts of negligence or wilful and wanton misconduct on the part of the defendant, and denied that either of the plaintiffs were in the exercise of ordinary care for their own safety at the time of the collision.

The case was tried before a jury which rendered a verdict in favor of each of the plaintiffs, allowing the damages for Susie Powell, in the sum of $14,500, and damages to Jacob A. Powell for $750. The defendant entered motions for judgment notwithstanding the verdicts, which were overruled by the court and the defendant then entered a motion for a new trial and specified numerous reasons why the same should be granted. The court overruled the motions for a new trial and entered judgment on the verdict for each of the plaintiffs. It is from these judgments that the case is brought to this court on appeal.

It is the contention of the plaintiffs that they left the city of Streator on the afternoon in question; that the pavement was dry and that they were traveling in a westerly direction on their way to Missouri; that they were traveling at a reasonable rate of speed; that the husband, Jacob A. Powell, was driving the automobile of Susie Powell on the north side of the black line on the pavement in what commonly would be called the west lane of traffic; that as they approached a bridge about a mile and one-half west of Streator, they noticed the defendant's truck, being driven by its agent, coming towards them; that as the truck approached the plaintiffs, the driver of the truck waved his hand at some children and about the time he did so, he drove over into the north lane of traffic and into the lane in which the plaintiffs' car was proceeding and the collision occurred.

It is the contention of the defendant that the plaintiffs, that while driving in a westerly direction, Jacob

A. Powell drove the plaintiff's car on the south side of the black line, or in the eastbound lane of traffic; that in order to avoid a collision, the driver of defendant's truck pulled his truck over on the north side of the pavement into the westbound lane of traffic and that just before the collision occurred, Jacob A. Powell turned the plaintiffs' car sharply to the right and collided with the truck of the defendant.

The evidence shows that the collision occurred upon the bridge in question, and that after the accident was over, both the plaintiffs' and the defendant's cars were north of the black line in the center of the road. The witnesses testified, and the photographs of the plaintiffs' car and the defendant's truck clearly show that the left-front side of plaintiffs' Ford and the left front side of the defendant's truck came together. The plaintiffs' car was badly damaged, but the only damage done to the truck was to the front end thereof. The frame of defendant's truck was much higher than the frame of the plaintiffs' Ford, and as the cars came together the front part of the Ford went under the frame of defendant's truck. After the cars came to rest, neither of the cars was touching the northern abutment of the bridge and a person could walk beween the car and the abutment. Shortly after the accident, State police were there to direct traffic and there was plenty of room for cars to pass back and forth on the south side of the wrecked cars.

From the evidence adduced in court and from an examination of the photographs introduced in evidence, it seems to us that the collision was what would be commonly termed a head-on collision, that is, that the plaintiffs' car was being driven nearly in a due west course, and the defendant's truck was being driven due east. Where and how each of the cars were being driven, the witnesses disagree in their testimony.

The defendant insists that the verdict of the jury is contrary to the manifest weight of the evidence. As before stated, it is the theory of the defendant that the

plaintiffs were driving on the south side of the pavement in the westbound traffic, and that the defendant's driver, in order to avoid a collision, drove his truck onto the north side of the pavement, or into the west lane of traffic. This is the theory upon which the defendant submitted its case to the jury. The defendant's instruction No. 27, is as follows: "The Court instructs the jury if you believe from the evidence that the plaintiff, Jacob A. Powell drove Susie Powell's automobile on the south half of the cement roadway as he neared the bridge and that the driver of defendant's truck turned it from the south side to the north side of the roadway in a reasonable effort to avoid a collision and then and there in so doing acted as a reasonable and prudent person would have acted under the same or similar circumstances, and without a wilful or wanton disregard for the safety of persons or property, and that at or about the same time the plaintiff, Jacob A. Powell, turned the Ford automobile to the north side of said pavement, and that the truck and the Ford automobile collided on the north side of the pavement, and if you further believe from the evidence that the conduct of the plaintiff, Jacob A. Powell, in so driving his said automobile, if shown, was careless and negligent and that it materially contributed to the accident, then and in that case it is your duty to find the defendant not guilty as to the plaintiff, Susie Powell."

The court, by giving the above instruction, submitted the issues as desired by the defendant. The court also gave instruction for the plaintiffs submitting the case on their theory. Thus, a clear cut question of fact was presented to the jury for their conclusion. The jury saw fit to give more credence to the evidence submitted by the witnesses for the plaintiffs, and found in their favor. From an examination of the evidence, and exhibits admitted in evidence, we cannot

say that the jury's finding is against the manifest weight of the evidence.

It is argued by the defendant that the court erred in denying the motion of the defendant to dismiss the amended complaint, and refusing a motion in arrest of judgment because the complaint is insufficient. We are of the opinion that the complaint does state a good cause of action, and there was no error in the court overruling the motion of the defendant to dismiss the suit.

It is next insisted that the court erred in admitting incompetent, immaterial, improper, inflammatory and prejudicial evidence over the objection of the defendant and especially permitting the doctor to testify that a miscarriage was caused by the accident in question. The only doctor who testified was Edwin G. Barton, who qualified as a regular practicing physician and surgeon with 7 years' practice. There was no effort made to show that Doctor Barton was not a reputable and competent physician and surgeon. The doctor did not testify that the miscarriage was caused by the accident in question, but gave as his opinion that a miscarriage could have been caused by the injuries in question to Susie Powell. The abstract shows that an amendment was filed to the complaint as follows: "That as a result of such injuries on the 6th day of October, 1938, the plaintiff, Susie Powell, had a miscarriage and by reason thereof, a blood transfusion became necessary and was suffered by and administered to her." At the time the plaintiffs introduced their testimony, the above amendment was a part of the amended complaint. That this question was a controverted one by the pleadings, is disclosed by the statement in appellant's brief, where we find the following: "It should be borne in mind that throughout this case, the defendant took the position that the accident in question could not and did not cause the alleged

miscarriage. The issue was squarely raised by the pleadings, and the case was tried on that theory.'' The court did not err in admitting the evidence in question.

It is urged by the appellant that the court erred in permitting the doctor to testify that the nose of Susie Powell was broadened. We find no merit in this contention. Complaint is made that the court erred in admitting certain testimony of the doctor relative to the alleged permanence of the leg injury of Susie Powell. The doctor, in giving his testimony, did not state as a positive fact, as to the permanence of the injury of Susie Powell, but only gave his opinion based upon reasonable medical certainty of the results which might be expected relative to Mrs. Powell's injuries. This, we think, is a correct rule of evidence.

In the trial court, a photograph of the plaintiff, Susie Powell, and another lady was introduced in evidence. The record discloses that this picture was taken about 12 years before the accident had happened. The picture was introduced solely for the purpose of showing the contour of Susie Powell's nose prior to the time of the accident. While this picture was taken a long time before the accident, we cannot see how the jury would be prejudiced in any way by the introduction of this photograph. It is also insisted that the court erred in admitting in evidence certain X-rays without a proper foundation having been laid, and because the said X-rays contained extraneous matters and no proper explanation made, and were inflammatory and prejudicial. It is insisted in the printed argument in the brief that there is no testimony that the X-rays were accurate and correct X-rays and pictures of Susie Powell. In this, the appellant, is in error for the same are positively identified as shown by the record. It is also insisted as error to have Doctor Barton testify that Susie Powell suffered from retrograde amnesia. We find no merit in this assignment of error.

At the close of plaintiffs' evidence and of all of the evidence, the defendant entered a motion requesting the court to direct a verdict in its favor against each of the plaintiffs, and charged that there was no evidence sustaining a charge of wilful and wanton misconduct on the part of the defendant. The undisputed evidence in the case shows that the defendant's truck, just before and at the time of the collision, was being driven on the left-hand side of the paved highway and at the time of the collision, the plaintiffs' car was also being driven in the same lane of traffic, in its proper one, while going in a westerly direction. If the jury believe the evidence of the plaintiffs, that is, that the plaintiffs were driving in their proper lane of traffic, at a reasonable rate of speed, and that the servant of defendant drove the defendant's truck across the black line head on into the car of the plaintiffs, it would certainly be evidence sufficient to sustain a wilful and wanton count in the complaint. The court very properly refused to direct a verdict for the defendant on the wilful and wanton count. This was a question of fact for the jury to decide.

It is also contended that the court erred in refusing to direct a verdict in favor of the defendant, because the plaintiffs had failed to prove that they were in the exercise of due care and caution for their own safety at the time of the collision in question. This was also a question of fact for the jury to decide, and there is no error in the court's ruling on this assignment.

It is claimed by the appellants that, in the closing argument to the jury, the plaintiffs' attorney read from the deposition of two witnesses, and this was error. The abstract and the record are not in accord relative to this matter, but an examination of the record discloses that plaintiffs' counsel did not read from the deposition, but only from notes that he had taken of the testimony which was in the depositions.

We find nothing prejudicial in the court's allowing this to be done.

Objection is made in the closing argument of the attorney for plaintiff a reference to Mr. Cook being an associate of Mr. Heyl at the time the depositions were taken. This statement was later corrected. We do not see how a jury could be influenced one way or the other in regard to this statement.

The appellant has assigned error on the court's refusing to give certain instructions tendered by the defendant. The first one complained of, is the one that states if the injury to the plaintiffs was accidental and neither the defendant nor the plaintiffs were negligent or guilty of wilful and wanton conduct, that then the jury should find the defendant not guilty. In some cases, no doubt this instruction would be proper, but not in the present case under the theory of either the plaintiffs or the defendant, so there is no error in refusing this instruction. The next instruction complained of is one that told the jury that they should give the same weight and consideration to the testimony contained in the depositions as they would to the witnesses if present. The true test appears to be that they should give the same fair consideration to the testimony contained in the depositions as they would if the witnesses were present and testified in open court. We think the instruction as tendered should have been refused. Complaint is made of plaintiffs' given instruction which quotes the statute. This instruction does not direct a verdict. The rule is that where instructions do not direct a verdict, they should be considered with other given instructions and considered as a whole. If there was any error committed by the court in giving plaintiffs' instruction No. 1, it is cured by defendant's given instructions Nos. 27 and 29. We find no merit in defendant's criticism of plaintiffs' given instructions Nos. 2, 3, 4 and 5.

Plaintiffs' given instruction No. 6, told the jury what elements they had the right to take into consideration in assessing the damages of Susie Powell if they found in her favor. Under the authority of the *Chicago City R. Co. v. Smith*, 226 Ill. 178, we think this instruction properly states the law.

It is finally insisted that the verdicts in favor of Jacob A. Powell and Susie Powell are each excessive and against the manifest weight of the evidence. The evidence is uncontradicted that, as the result of this collision, Susie Powell was seriously and very painfully injured; that she was in the hospital with a broken leg with an extension on her foot for several months; that she was in a cast for quite awhile; that while in this condition, she suffered a miscarriage; that her face and mouth were badly cut and damaged; that she had numerous other cuts on her head and face; that she suffered intense pain and that at the time of the trial she still suffered pain. Just what a reasonable allowance for such injury should be is somewhat problematical, but it was the province of the jury, after hearing this evidence, to say what would be a reasonable compensation for the damages she sustained from the injuries, pain and suffering she endured because of this collision. While $14,500 seems to us to be a liberal amount, we cannot say that this is manifestly against the weight of the evidence.

The evidence shows that Jacob A. Powell received no permanent injuries, but seems to be fully recovered. He was injured, and we cannot say that the jury's allowance of $750 is unreasonable under the facts and circumstances, as shown by the evidence.

We find no reversible error in the case and the judgment of the trial court is affirmed.

*Affirmed.*